UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CHRISTINE VIDRINE** | CIVIL ACTION NO._____ |
| **Plaintiff** | JUDGE_____ |
| **V** | |
| **LOUIS M. ACKAL, SHERIFF OF IBERIA PARISH, IBERIA PARISH SHERIFF's OFFICE and SHERIFF'S DEPUTY TREVOR LANDRY** | MAG. JUDGE_____ |
| **Defendants** | JURY TRIAL DEMANDED |

## COMPLAINT

The Complaint of CHRISTINE VIDRINE, a person of the full age of majority, who respectfully shows:

## JURISDICTION and VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §1331(Federal Question) and 28 U.S.C.§ 1343 (Civil rights). Plaintiff invokes the supplemental jurisdiction of the court to hear and decide plaintiff's Louisiana State Law claims pursuant to 28 U.S.C. §1367 (a).

2. Venue is proper under 28 U.S.C. §1391 (b) as the Defendants are located, and the events giving rise to Plaintiff's claims occurred, within the boundaries of this judicial district.

## PARTIES

Plaintiff herein is:

1

3. CHRISTINE VIDRINE, (hereinafter, sometimes referred to as Ms. Vidrine) a resident and domiciliary of Iberia Parish, Louisiana, and a citizen of the United States of America.

Made defendants herein are:

4. LOUIS M. ACKAL, Sheriff, the governing authority, decision maker for the Iberia Parish Sheriff's Office, who pursuant to custom and usage, deprived plaintiff her rights secured by the United States Constitution in violation of 42 U.S.C. § 1983.  He is being sued in his individual capacity and in his official capacity as the Sheriff of Iberia Parish. Upon information and belief he is a resident of Iberia Parish, Louisiana, and can be served at 300 Iberia Street, Room 120, New Iberia, Louisiana 70560 and;

5. IBERIA PARISH SHERIFF'S OFFICE, a Louisiana Political Entity organized under the laws of the State of Louisiana. IBERIA PARISH SHERIFF'S OFFICE is sued pursuant to 42 U.S.C. § 1983 and pursuant to the doctrine of respondeat superior on the pendant State Law claims. IBERIA PARISH SHERIFF'S OFFICE is domiciled in the Parish of IBERIA, State of Louisiana, and can be served through the Sheriff, Louis Ackal, at 300 Iberia Street , Room 120, New Iberia, Louisiana 70560, and;

6. TREVOR LANDRY, (hereinafter, sometimes referred to as DEPUTY LANDRY), a sheriff's deputy with the IBERIA PARISH SHERIFF'S OFFICE, who, at the times of the occurrence described herein, was employed as a law enforcement officer for the Iberia Parish Sheriff's Office and acting within the course and scope of his employment for purposes of State Law, and under color of State Law for purposes of Federal Law. TREVOR LANDRY is a citizen of the State of Louisiana and the United States of America. He is being sued in his individual capacity and in his official capacity as an Iberia Parish Sheriff's deputy. Upon information and belief, he is domiciled in Iberia

Parish, Louisiana, and can be served through the Sheriff, Louis M. Ackal, at 300 Iberia Street, Room 120, New Iberia, Louisiana 70560.

## INTRODUCTION

7. This is an action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's Fourth and Fourteenth Amendment rights as secured by the United States Constitution as well as other State Law claims as are discussed in further detail below.

8. At all times relevant hereto and in all actions described herein, Defendants, LOUIS ACKAL and TREVOR LANDRY, acted under color of state law and under the color of the laws, statutes, ordinances, regulations, policies customs and usages of the State of Louisiana, and its political subdivisions.

9. At all times relevant hereto and in all actions described herein, Defendant, DEPUTY LANDRY acted within the course and scope of his employment with the Iberia Parish Sheriff's office.

## FACTS

10. On or about the evening of April 5 2015, CHRISTINE VIDRINE'S dog, Emma, a German Shepard, left plaintiff's backyard at 1200 Christopher Street, in New Iberia, Louisiana, while plaintiff was not at the residence.

11. Ms. Vidrine's neighbors, Scott and Teirzia Leblanc (Hereinafter sometimes referred to as the Leblanc's) observed Emma in their yard at 1202 Christopher Street, New Iberia, Iberia Parish, Louisiana, and called 9-1-1 to report the dog.

12. Upon information and belief, the 911 operator advised that the Iberia Parish Animal Control Officer only works Monday through Friday and would not respond.

13. Sheriff's Deputy TREVOR LANDRY responded to the call at 1202 Christopher Street and made contact with the Leblancs. Scott Leblanc advised Deputy Landry that he was not sure if the dog was aggressive or was just barking at his cat.

14. While DEPUTY LANDRY was speaking with the Leblancs, Emma re-appeared in the yard and slowly approached them. When DEPUTY LANDRY attempted to step forward towards Emma, she barked and circled backwards as if to run away. Emma then barked and took a few small steps towards DEPUTY LANDRY, who responded by shooting Emma in the back of the neck, ultimately resulting in the death of the dog.

15. After being shot, Emma was left to lie on the floor in her own blood twitching, whining, and struggling to survive.

16. Moments later, MS. VIDRINE arrived back at her residence and noticed that Emma was gone. MS. VIDRINE then went onto the street and began calling desperately for Emma and ultimately came upon the scene at the Leblanc residence and witnessed Emma laying in a pool of blood.  Plaintiff became increasingly distraught and yelled, "are you just gonna let her die."

17. Upon information and belief, Emma was left struggling for approximately 20 minutes before DEPUTY LANDRY allowed MS. VIDRINE to take Emma to a veterinarian.

18. MS. VIDRINE then retrieved Emma's body and transported her to a veterinarian where she ultimately passed away.

19. There was no justifiable cause for DEPUTY LANDRY to discharge his firearm or use deadly force upon Emma.

20. DEPUTY LANDRY could have employed non-lethal methods to restrain Emma rather than killing her, but he neither attempted nor exhausted  same.

21. Upon information and belief, Defendants, Sheriff ACKAL and the IBERIA PARISH SHERIFFS' OFFICE , failed to train and equip DEPUTY LANDRY with respect to properly handling dog/animal encounters without the use of lethal force.

22. MS. VIDRINE's property was damaged by an intentional act at the hands of Deputy Landry.

23. Plaintiff arrived on the scene of the incident shortly thereafter, and, as a result of this incident, suffers from mental anguish due to the loss of her property, beloved pet and companion, Emma.

24. Emma was a seven (7) year old German Shepard dog who had been a part of MS. VIDRINE's family for seven (7) years.

25. Emma lived at MS. VIDRINE's home and was owned and cared for by her.

26. Emma was a playmate, beloved family pet and companion to MS. VIDRINE's children.

27. Emma was always confined to MS. VIDRINE's home and/or back yard and rarely left.

28. Emma had not bitten or attacked anyone on the date of the incident in question.

29. DEPUTY LANDRY, knew that he was responding to a dog-at-large call and was not surprised by Emma's presence.

30. Upon information and belief, the IBERIA PARISH SHERIFF'S OFFICE and its decision maker, LOUIS M. ACKAL, with deliberate indifference, gross negligence, and reckless disregard to the rights of the plaintiff, and all persons similarly situated, maintained, enforced, tolerated, permitted, and applied policies, practices, or customs and usages of (including but not limited to) subjecting citizens to unreasonable seizures by failing to adequately train, supervise, and equip employee-responders to properly handle dog/animal encounters.

31. DEPUTY LANDRY acted unreasonably under the circumstances by resorting to lethal force. DEPUTY LANDRY's unreasonable action is wholly or partially a result of the Defendants, Sheriff ACKAL and the IBERIA PARISH SHERIFFS' OFFICE failure to train and/or equip DEPUTY LANDRY to properly handle dog/animal encounters without the use of lethal force.

32. Upon information and belief, Defendants, Sheriff ACKAL and the IBERIA PARISH SHERIFFS' OFFICE had a policy, practice, or custom of failing to train or failing to adequately train its officers regarding use of lethal force and handling dog/animal encounters.

## DAMAGES

33. Plaintiff, CHRISTINE VIDRINE, suffered and continues to suffer from mental and emotional distress caused by the intentional actions of the defendants. Plaintiff itemizes her damages in the following particulars, to-wit:

(A) Loss of property;

(B) Past, present, and future medical expenses;

(C) Past, present, and future mental and emotional pain, anguish, and distress;

## CLAIMS FOR RELIEF

### COUNT I- 42 U.S.C. §1983
### Fourth Amendment- Illegal Seizure

34. Each of the foregoing paragraphs is incorporated as if restated fully herein.

35. The killing of a family pet by law enforcement officers constitutes a seizure and is subject to the provisions of the Fourth Amendment to the Constitution of the United States.

36. The foregoing wrongful acts of the defendants, acting under color of State law, resulted in the death of Emma and in violation of Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments to the constitution of the United States. .

37. Deputy TREVOR LANDRY's actions in killing Emma were unreasonable and in violation of Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments to the constitution of the United States.

38. As a direct and proximate result of Deputy TREVOR LANDRY's illegal seizure, and the other wrongful acts of the defendants, LOUIS M. ACKAL and IBERIA PARISH SHERIFF'S OFFICE, Plaintiff suffered injury, including emotional anguish, pain, suffering, fear, apprehension, depression, anxiety, loss of enjoyment of life, the loss of her beloved dog, Emma, and her companionship.

39. It was unreasonable for DEPUTY LANDRY to investigate a dog at large without other non- lethal means of capturing and securing the animal.

40. The acts of DEPUTY LANDRY were intentional, wanton, malicious, oppressive, reckless , outrageous, and/or callously indifferent to the rights of plaintiff, thus entitling her to an award of punitive damages against defendant Landry.

41. Upon information and belief, the IBERIA PARISH SHERIFF'S OFFICE and its decision maker, LOUIS M. ACKAL, with deliberate indifference, gross negligence, and reckless disregard to the rights of the plaintiff, and all persons similarly situated, maintained, enforced, tolerated, permitted, and applied policies, practices, or customs and usages of (including but not limited to), subjecting people to unreasonable seizures of their property and failure to adequately train, supervise, and equip employees to properly handle dog/animal encounters.

42. As a result of Defendants' unlawful actions and infringements of her protected rights, plaintiff has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. 1988.

### COUNT II- State Law Claim

### Conversion

43. Each of the foregoing paragraphs is incorporated as if restated fully herein.

44. Plaintiff, CHRISTINE VIDRINE, was the lawful owner of Emma.

45. Defendant, DEPUTY TREVOR LANDRY, took possession and control of Emma by intentionally killing her.

46. As a result, DEPUTY LANDRY deprived plaintiff of her right to possession of Emma.

### COUNT III- State Law Claim

### Respondeat Superior

47. Each of the foregoing paragraphs is incorporated as if restated fully herein.

48. In committing the acts alleged in the preceding paragraphs, DEPUTY LANDRY was employed by Sheriff LOUIS M. ACKAL and the IBERIA PARISH SHERIFFS' DEPARTMENT and thereby acting as an agent of the IBERIA PARISH SHERIFF'S OFFICE.

49. In committing the acts alleged in the preceding paragraphs, DEPUTY LANDRY was, at all times pertinent herein, in the course and scope of his employment with IBERIA PARISH SHERIFF'S OFFICE.

50. Defendant, IBERIA PARISH SHERIFF'S OFFICE, is liable as principal for all acts/omissions committed by its agents and employees.

51. The actions of the individual defendants caused plaintiff to suffer the damages outlined herein.

## COUNT IV-State Law Claim

## Negligent Training And Supervision

52. Each of the foregoing paragraphs is incorporated as if restated fully herein.

53. Plaintiff alleges that LOUIS M. ACKAL and the IBERIA PARISH SHERIFF'S OFFICE failed to properly train and/or supervise its officers, including DEPUTY LANDRY with respect to handling animal encounters, thereby resulting in the subject incident.

54. As described in the preceding paragraphs, plaintiffs allege that LOUIS M. ACKAL and the IBERIA PARISH SHERIFF'S OFFICE failed to adequately train and/or instruct officers, Including DEPUTY LANDRY, in the management, risks, and procedures involved in an animal encounter incident and use of deadly force.

55. As described in the preceding paragraphs, plaintiffs allege that LOUIS M. ACKAL and the IBERIA PARISH SHERIFF'S OFFICE failed to institute a policy and/or procedures concerning animal encounters and use of deadly force, and to train and/or instruct officers in such policy and/or procedures.

56. As a result of the aforementioned, Plaintiff has suffered emotional injuries and damages due to the loss of her pet.

## MISCELLANEOUS

57. Plaintiff shows that the incident described herein was solely caused by, either individually or in concert, by the actions/inaction and/or negligence of the defendants, LOUIS M. ACKAL, IBERIA PARISH SHERIFF'S OFFICE, and DEPUTY TREVOR LANDRY.

58. Plaintiff desires and prays for a jury trial on all issues

59. Defendants, LOUIS M. ACKAL, IBERIA PARISH SHERIFF'S OFFICE and DEPUTY TREVOR LANDRY are liable unto plaintiff, CHRISTINE VIDRINE for reasonable damages, together with legal interest thereon from date of judicial demand until paid, and for all reasonable costs associated with this litigation and proceedings.

60. Plaintiff is entitled to an award of compensatory damages against the individual Defendants, LOUIS M. ACKAL and DEPUTY TREVOR LANDRY in their individual capacity under 42 U.S.C.§ 1983.

61. Plaintiff is entitled to punitive damages against the individual defendants, because their acts were reckless and showed callous indifference toward the rights of the Plaintiff.

62. Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, plaintiff, CHRISTINE VIDRINE, prays that after all due proceedings had:

There be a judgment in favor of plaintiff, CHRISTINE VIDRINE, and against defendants, LOUIS M. ACKAL, IBERIA PARISH SHERIFF'S OFFICE and DEPUTY TREVOR LANDRY for such sums as are reasonable in the premises, together with interest thereon at the legal rate from the date of judicial demand until paid, including as reasonable costs associated with this litigation and proceedings.

FURTHER PRAY for all other general and equitable relief in the premises.

Respectfully submitted,

/s/ Alyson Vamvoras Antoon

        Alyson Vamvoras Antoon - # 34131
        ANTOON LAW FIRM, LLC.
        1111 Ryan St.
        Lake Charles, LA 70601
        Telephone:   (337) 936-4365
        Facsimile:   (337) 433-1622
        Alyson@antoonlawfirm.com
        ATTORNEY FOR PLAINTIFFS

        Respectfully submitted,

        /s/ Michael N. Antoon
        Michael N. Antoon -33503
        ANTOON LAW FIRM L.L.C.
        1111 Ryan St.
        Lake Charles, LA  70601
        Telephone:   (337) 564-6919
        Facsimile:   (337) 433-1622
        mantoon@antoonlawfirm.com
        ATTORNEY FOR PLAINTIFFS