UNITED STATES DISTRICT COURT
WESTERN DIVISION OF LOUISIANA
LAFAYETTE DIVISION

Christine Vidrine                    Civil Action No. 6:16-cv-00449

versus                               Judge Robert G. James

Lewis M. Ackal, et al.               Magistrate Judge Carol B. Whitehurst

## **ORDER**

Before the Court is an unopposed[1] Motion To Dismiss filed by defendant, the Sheriff's Office Iberia Parish ("Parish Sheriff's Office), [Doc. 13]. Defendant contends that because the Parish Sheriff's Office is not a separate legal entity, it is not a juridical person capable of being sued, and therefore, no relief can be granted against it.

Rule 17 of the Federal Rules of Civil Procedure addresses the capacity of parties to a lawsuit. Rule 17(b)(3) states that the capacity to sue or be sued of a party such as the Sheriff's Office, which is neither an individual nor a corporation, is determined by the law of the state where the court is located. Fed.R.Civ.P. 17(b)(3). Under Louisiana law, a person may be either natural or juridical. "A natural person

---

[1] Under Local Rule 7.5, a party's failure to file a response to a motion within twenty-one days is construed as non-opposition to the motion. Any opposition to the defendant's motion was due by September 22, 2016.

is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or partnership." LA. C. C. Art. 24.

In Louisiana, the Parish Sheriff's Office is not a legal entity capable of suing or being sued. *See Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002); *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). Indeed, the State of Louisiana has not granted juridical status to any parish sheriff's office. *Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Department*, 350 So. 2d 236 (La. App. 3d Cir.), *writ refused*, 352 So. 2d 235 (La. 1977), *overruled on other grounds by Jenkins v. Jefferson Parish Sheriff's Office*, 402 So. 2d 669 (La. 1981). Because the Parish Sheriff's Office is not a juridical person capable of being sued in this case, the undersigned RECOMMENDS that the unopposed 12(b)(6) Motion To Dismiss filed by the Parish Sheriff's Office, [Doc. 13], be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, this 4th day of November, 2016.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**